IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO FREEMAN, #1512080 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv240 |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Antonio Freeman, a prisoner confined at the Robertson Unit within the Texas Department of Criminal Justice (TDCJ), proceeding pro se and seeking to proceed *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Complaint**

Plaintiff is suing the Director of TDCJ, Maxey Cerliano, Judge Charles, an unspecified Judge in Gregg County, Wardens Dickerson and Crosby, as well as the Internal Revenue Service, (Dkt. #1, pg. 1-2). While difficult to decipher, Plaintiff raises claims concerning a criminal conviction for burglary, concealing errors by the courts and TDCJ, his jail records, and a false date on the Gregg County website. Plaintiff seeks an answer, a trial, and 100 million dollars.

**II. Discussion and Analysis**

Plaintiff Antonio Freeman is no stranger to federal litigation in Texas and at the Fifth Circuit Court of Appeals. Court records show that Plaintiff has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for the failure to state a claim upon which relief can be granted—prior to filing this 2022 complaint. *See Freeman v. Davis*, No. 1:16cv209 (N.D.

1

Tex. Dec. 4, 2018) (no appeal); *Freeman v. Frost*, No. 1:18cv074 (N.D. Tex. May 22, 2018) (appeal dism'd); *Freeman v. Davis*, 1:18cv082 (N.D. Tex. June 13, 2018) (no appeal).

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Freeman has accumulated three strikes prior to filing this 2022 complaint and, thus, falls under the Act. Consequently, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

To meet the imminent danger requirement of section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'").

Crucially, the burden is on Freeman to show that he is in imminent danger of serious physical injury **at the time** of the filing of his complaint through facts rather than conclusory allegations. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019) (emphasis supplied).

2

Here, however, Freeman pleads no facts suggesting or indicating that he is in imminent danger of physical injury. His claims concerning a previous conviction, TDCJ errors, a false website, and errors to his record cannot be characterized as imminent danger of physical injury.

In addition to Freeman's malicious filings and the lack of imminent danger, the Northern District of Texas assessed monetary sanctions against him for his malicious and frivolous filings. *In Freeman v. Davis*, No. 1:19cv136 (N.D. Tex. Mar. 4, 2020), the relevant order provides that:

> Plaintiff is assessed a monetary sanction in the amount of $100.00, which must be paid in full before the Court will accept any further filings from Plaintiff. Plaintiff is barred from filing any new civil action, including civil rights complaints and habeas petitions, either directly in this Court or indirectly by transfer to this Court, unless he first obtains leave of court.

(Dkt. #22). Freeman has not submitted proof—and court records do not show—that he satisfied these sanctions.

This Court issued General Order 94-6 on February 2, 1994, to enforce sanctions issued by other federal courts in Texas. *See* G.O. 94-6 ("Similarly, orders prohibiting the filing of any new pleadings until monetary sanctions are paid will be honored according to the terms specified in the order."). The General Order was issued for the very purpose of stopping abusive practices by litigants like Freeman. Courts may honor sanctions issued by another court. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999). Given Freeman's abusive litigation history, this Court should honor these sanctions imposed by a sister court—and dismiss this lawsuit because he has not satisfied the sanctions imposed against him.

## RECOMMENDATION

For reasons explained above, the Court recommends that Plaintiff's motion for leave to proceed *in forma pauperis*, (Dkt. #3), be denied and this lawsuit be dismissed, without prejudice,

until Plaintiff pays his sanctions imposed by the Northern District of Texas and demonstrates proof that he satisfied the sanctions.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 12th day of December, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE